NIMMONS, Judge.
Appellant Smackco, Ltd., appeals from a final order of the Department of Natural Resources (DNR) denying Smackco’s request to establish four exceptional oil test drilling units in Santa Rosa County. We affirm, finding that the order, which adopts in full the hearing officer’s recommended order, is supported by competent substantial evidence.
In December, 1982, Smackco was issued a permit by DNR to drill for oil in a drilling unit located in the southeast corner of Section 13, Township 5 North, Range 29 West, in Santa Rosa County. A standard drilling unit contemplating a well depth in excess of 7,000 feet normally is comprised of a 160-acre governmental quarter section,[1] although exceptions to this rule may be granted upon application to DNR.[2] The *861 well, known as the L.W. Roberts 13-4 No. 1 well, was drilled to a depth of 15,000 feet and ultimately was determined to be commercially unproductive, although there was evidence that some hydrocarbons were present. Appellees Elvia Jordan, et al, are the owners of mineral rights under the northwest quarter of the quarter section making up the drilling unit on which the L.W. Roberts 13-4 No. 1 well is located.
After the Roberts well proved unproductive, Smackco applied to DNR for a permit to restructure the existing drilling unit by moving it 80 acres to the south, such that the proposed unit would consist of 80 acres in the south half of Section 13 and 80 acres in the north half of Section 16. The land owned by appellees Jordan, et al, would not be part of the proposed restructured drilling unit. This proposed drilling unit, along with three other proposed units to be located nearby, were “exceptional” in that they were not structured according to governmental quarter sections. According to Smackco’s geological data, restructuring the existing drilling unit by moving it 80 acres to the south would place the unit over a pool of oil that could be reached by drilling a well placed within 400 feet of the center of the drilling unit, as required by Rule 16C-26.04(2)(a), F.A.C. Upon learning of Smackco’s application to restructure the existing drilling unit, appellees Jordan, et al, protested to DNR and requested a formal administrative hearing.
Evidence presented at the hearing included the testimony of the chief geologist for the State and two experts employed by Smackco. All three witnesses testified that there was oil present at the Roberts well site, although not in commercially pro-duceable quantities. The State’s chief geologist and Smackco’s geophysicist also testified that oil under the Roberts well would be likely to migrate or drain to the bottom hole of a new well drilled to the south, depending upon the pressure gradient.
Among the hearing officer’s conclusions of law was that DNR is statutorily prohibited from authorizing “net drainage” from a tract such as would be likely to occur if a well were drilled in the proposed unit south of the existing unit. Section 377.25, Florida Statutes (1983), provides in part:
(1) No rule, regulation or order of the division shall be such in terms or effect:
sfc ⅝ ⅜ ⅜ ⅜ #
(b) As to occasion net drainage from a tract, unless there be drilled and operated upon such tract a well or wells in addition to such well or wells thereon as can without waste produce such tract’s just and equitable share, as set forth in this section, of the production of such pool.
We agree with the hearing officer’s conclusion that drainage from one tract to another is to be authorized only where wells are in place and operating that will assure production of the first tract’s just and equitable share of the common pool of oil. In the present case, no production was contemplated that could offset the drainage likely to occur from appellee’s tract.
*862 The hearing officer s findings that oil exists at the Roberts well site and that such oil would be likely to drain to a new well in the proposed drilling unit to the south is supported by competent substantial evidence in the record. Because we find that the issue of net drainage is dis-positive of this appeal, we need not address other findings and conclusions in the order challenged by Smackco.
AFFIRMED.
MILLS, J., and TILLMAN PEARSON (Ret.), Associate Judge, concur.

. Rule 16C-26.04(2)(a), Fla.Admin.Code, provides:
(2) Wells drilled in areas not covered by special field rules shall be spaced as follows: (a) Oil-test wells to be drilled to a depth of less than seven thousand feet shall be located within 200 feet of the center of a drilling unit consisting of a governmental quarter/quarter section (40 acres, plus or minus ten percent); an oil-test well to be drilled to a depth greater than seven thousand feet shall be located within 400 feet of the center of a drilling unit consisting of a governmental quarter section (160 acres, plus or minus 10 percent).
In the absence of a governmental sectional survey such units shall be composed of the appropriate number of acres in one continuous tract, approved by the department.

. Rule 160-26.04(4), Fla.Admin.Code, provides: (4) The Board may grant exception to permit drilling within shorter distances or on different units than those prescribed in this rule, whenever the Board determines that such exceptions are necessary, that the unit is partly *861 outside the pool, or for some other reason that a well approximately in the center of the unit would be unproductive, or when topographical conditions are such as to make the drilling approximately in the center of the unit unduly burdensome or said location may constitute a hazard to waters, wetlands or wildlife.
(a) The exception application may be accepted by the Administrator if waivers of objection are received from all offsetting operators and mineral owners to whom notice would be given.
(b) Where waivers are not forthcoming, such exception may be granted by the Board only after at least thirty (30) days of notice and opportunity for a hearing to all adjoining lessees affected thereby have been given and after the Board has determined that an exception to such rule is necessary.
(c)When exception to such rule is desired, application therefor shall be made to the department on a form authorized by the department. This application shall include a plat (see Rule 16C-26.03(7)) which accurately shows the scale and the property on which is sought the permit to drill a well under an exception to these rules, and which accurately shows to scale all other completions, drilling and permitted wells on said property and all adjoining surrounding properties and wells, including the lessor and the lessee..